**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOYCE ACKERMAN, et al.,

    Plaintiffs,     :     Case Nos.   3:00-cv-277
                                                             3:00-cv-033

                                          District Judge Walter Herbert Rice
    -vs-                           Chief Magistrate Judge Michael R. Merz
                                         :

FORTIS BENEFITS INSURANCE CO.,

    Defendants.

**REPORT AND RECOMMENDATIONS ON MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

These cases are before the Court on Plaintiffs' Notices of Appeal from the Magistrate Judge's Notation Order of March 5, 2008, denying Plaintiffs' leave to file "Precedence: Plaintiffs Amended and Supplemental Pleadings to Fraud on the Court Pleading Special Matters" (Doc. No. 72 in Case No. 3:04-cv-033). Plaintiffs seeks leave to appeal *in forma pauperis* in both cases.

The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F.3d

274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445-46, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

This Court should certify that the appeals are not taken in good faith for the following reasons, at least:

1. The deadline for filing an appeal to the Circuit Court of Appeals is, in civil cases such as this one, thirty days after the judgment or order. Plaintiffs indicate they are appealing from the Notation Order of March 5, 2008, "and all previous orders, rulings, judgment, determinations, and other federal actions." The Notices of Appeal were filed 184 days after March 5, 2008, and obviously later still with respect to prior orders. Thus the Notices are untimely and the Court of Appeals lacks jurisdiction. *Bowles v. Russell*, 127 S.Ct. 2360 (2007); *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S. Ct. 556, 54 L. Ed. 2d 52 (1978); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989)(per curiam); *McMillan v. Barksdale*, 823 F.2d 981, 982 (6th Cir. 1987); *Myers v. Ace Hardware*, 777 F.2d 1099, 1102 (6th Cir. 1985); *Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d 1016, 1018 (6th Cir. 1983). Thus any appeal is frivolous.

2. The March 5, 2008, notation order is not appealable to the Sixth Circuit. As a magistrate judge's order, it was appealable to the assigned district judge not later than ten days after it was entered. No such appeal was taken. *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984)(per curiam).

3. All of the issues Plaintiffs seek to raise have been extensively litigated in this Court and in the Sixth Circuit. (See *Ackerman v. Fortis,* Sixth Circuit Case Nos. 05-3828, 06-3454 & 3456 (Copies at Doc. Nos,. 27, 47 in S.D. Ohio case No. 3:04-cv-033). After careful explanation in person by the undersigned as to how the judgments in both these cases were final, Plaintiffs persisted in filing

frivolous documents for which they were sanctioned under Fed. R. Civ. P. 11.

It is therefore respectfully recommended that the Court certify to the Court of Appeals that these appeals are frivolous and not taken in good faith.

September 6, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).